Was it necessary for the relator to file an application for rehearing within thirty days following the commission's order of correction of September 13, 1933?
On January 5, 1933, relator filed an application for adjustment of claim under the occupational disease law. On February 3, 1933, an employee of the Department of Industrial Relations, assigned to investigate the claim, filed a report in which was included the statement: "The claimant is also making application for adjustment of claim for breathing in carbon monoxide gas at the plant of the Cleveland Builders Supply Company and wishes this claim handled as an injury and not as an occupational disease claim." Accompanying this report was relator's application for adjustment of claim for specific injury, and it was duly filed.
In the opinion of the court, the statement in the investigator's *Page 238 
report, together with the filing of the accompanying new application, constituted a request by the claimant for the withdrawal of his claim first filed. It thereupon became the duty of the commission to honor his request and to strike from its consideration the application thus requested to be withdrawn. This the commission omitted to do through inadvertence, and, on June 14, 1933, proceeded to act upon the withdrawn claim, though a proper claim was then pending before it. However, the commission will be presumed to have intended to act upon a presently pending and existing claim rather than upon one having no existence by reason of its previous withdrawal.
In order that the errors of the commission may not be permitted to operate prejudicially to the rights of an injured employee, and in order to serve the ends of substantial justice, we are impelled to give to the order of June 14, 1933, the effect of an order denying the full claim of relator which was then properly before the commission. To this order of denial, an application for rehearing was seasonably filed.
Where the Industrial Commission, through inadvertence, acts upon a previously withdrawn application for adjustment of claim filed under the occupational disease law, at a time when an application for adjustment of claim for specific injury is properly pending before it, the commission, in the interest of substantial justice, will be presumed to have intended to act, and will be held to have acted, upon the application properly pending, rather than upon the one withdrawn; and an application for rehearing filed thereto will be sufficient to preserve the rights of the injured employee.
On September 13, 1933, the commission made an order correcting its entry of June 14, 1933, and at the same time set the claim for the taking of testimony *Page 239 
on the application for rehearing. By this order of the commission, the relator was led to believe that the application for rehearing then pending was sufficient to extend to him the right to proceed with proof of the claim validly before the commission. Obviously, this was likewise the view of the commission; otherwise it would not have set the claim for the taking of testimony in support of the application for rehearing. Lulled into a sense of security by this order, relator did not file an application for rehearing of the order of September 13, 1933. This failure, induced by the action of the commission, will not operate to deprive relator of his right to proceed with proof of his claim.
Under the peculiar state of the facts, we are obliged to hold for the relator.
Writ allowed.
WEYGANDT, C.J., MATTHIAS, DAY, ZIMMERMAN, WILLIAMS, MYERS and GORMAN, JJ., concur.